IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSEY RAY EDWARDS,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00713 |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| **TIMOTHY TRENT,** | ) | By: Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

Plaintiff Josey Ray Edwards, a Virginia inmate proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983 against Timothy Trent, the Administrator of the Blue Ridge Regional Jail Authority.[1] This matter is before the court on defendant's motion for summary judgment and Edwards' motion to amend. For the reasons stated herein, the court will grant in part and deny in part Edwards' motion to amend and grant Trent's motion for summary judgment as to the remaining claim against him.

I.

In his amended complaint, Edwards claims that he received inadequate medical treatment for his Hepatitis C, his grievances were ignored, the legal resources available at the jail are inadequate, and that officers retaliated against him for filing grievances and this action. Edwards named only Trent as a defendant. Edwards' only allegations against Trent are that Trent ignored or denied Edwards' grievance appeals and letters. On one occasion, Trent allegedly did not respond to a grievance appeal concerning a disciplinary hearing. On another occasion, Trent's office responded to a letter from Edwards in which Edwards complained that staff were not answering his grievances and requests, that his Hepatitis C was not being treated, that the law library was inadequate, and that officers were retaliating against him. Edwards requested to be

---

[1] The Blue Ridge Regional Jail Authority operates the Lynchburg Adult Detention Center, where Edwards was housed at the time his claims arose.

transferred to a facility within the Virginia Department of Corrections ("VDOC"). In a response to the letter, the Assistant Administrator advised Edwards that they had no control over when inmates were transferred to the VDOC and noted that Edwards had been seen for a medical examination, that his lab work was all within normal limits, and that he had no symptoms of Hepatitis C that required treatment. In support of his motion for summary judgment, Trent submits a declaration in which he avers that he has no medical expertise or involvement in determining treatment for Edwards. He also states that he relied upon the diagnosis of the doctor, who, after examining Edwards on multiple occasions and ordering blood tests, determined that Edwards was asymptomatic for Hepatitis C.

In his motion to amend, Edwards seeks to withdraw all of his claims, except that he was denied adequate medical treatment for his Hepatitis C. He also seeks to add Nurse Kimberly Rodgers and Dr. Qing Liu as defendants. Edwards states that both Nurse Rodgers and Dr. Liu "were and continue to be directly involved" in refusing him treatment.

## II.

The court will first address Edwards' motion to amend. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). An amendment is considered futile if the amended complaint could not survive a motion to dismiss under Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

To the extent Edwards seeks to amend his complaint to withdraw all of his claims except that he was denied adequate medical treatment for his Hepatitis C, the court will grant his motion to amend. Accordingly, only his medical treatment claim remains.

To the extent Edwards seeks to add Nurse Rodgers and Dr. Liu as defendants, the court finds that allowing the amendment would be futile because Edwards fails to allege facts against these new defendants that rise to the level of a constitutional violation. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (U.S. 1994). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Edwards' only allegation against Nurse Rodgers and Dr. Liu is that they "were and continue to be directly involved" in refusing him treatment. The court cannot find that this vague allegation is enough to state a claim that either of these defendants were deliberately indifferent to Edwards' serious medical need. However, because Edwards could amend his complaint against these defendants to state a claim, the court will give him the opportunity to do so.

### III.

In light of the motion to amend, the only remaining claim before the court at this time is that Trent denied him adequate medical treatment for his Hepatitis C. The court will consider Trent's motion for summary judgment as to this claim. Federal Rule of Civil Procedure 56(a)

provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. See id. at 255; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

## IV.

To bring a denial of medical treatment claim against a non-medical prison official, an inmate must show that such official was personally involved with a denial of treatment, deliberately interfered with prison doctor's treatment, or tacitly authorized or was indifferent to the prison doctor's misconduct. Miltier v. Beorn, 896 F.2d 848. 854 (4th Cir. 1990), overruled in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 837 (1994). A government official cannot be held liable under § 1983 solely on the basis of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Non-medical prison officials are entitled to rely on the expertise of their institution's medical staff and "cannot be liable for the medical staff's diagnostic decisions" and "cannot substitute their judgment for a medical professional's prescription. Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002); Shakka v. Smith, 71 F.3d 162, 167 (4th Cir.

4

1995); Swart v. Clarke, No. 7:14CV00652, 2016 U.S. Dist. LEXIS 11222, at *17, 2016 WL 411022, at *6 (W.D. Va. Feb. 1, 2016) ("It is not the function of prison administrators, or the court, to second guess the good faith treatment decisions of licensed physicians."). Further, "non-physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Pearson v. Prison Health Serv., 850 F.3d 526, 539 (3d Cir. 2017).

The evidence before the court shows that Trent has no medical expertise and is not personally involved in determining Trent's medical treatment. In addition, Edwards has not shown that Trent deliberately interfered with Edwards' treatment, or that Trent authorized or was indifferent to any misconduct by the medical staff. Instead, the evidence shows that Edwards was seen by medical staff on multiple occasions and the doctor determined that no treatment was necessary. As a non-medical prison official, Trent is entitled to rely on the doctor's expertise. Accordingly, the court will grant Trent's motion for summary judgment as to this claim.

**V.**

For the reasons stated herein, the court will grant Edwards' motion to amend in part as to his request to withdraw all claims except that concerning medical treatment for his Hepatitis C; deny the motion to amend in part as to Edwards' request to add new defendants because the amendment would be futile; grant Trent's motion for summary judgment as to the remaining claim against him; and allow Edwards twenty-one days to file an amended complaint.

**ENTER**: This 31st day of July, 2020.

Michael F. Urbanski
Chief United States District Judge